UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jeremy J. Quinn, Jr., | ) | CASE NO. 3:14 CV 1758 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Jay Forshey, Warden, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge George J. Limbert (Doc. 29) recommending the denial of the petition for writ of habeas corpus and denying Petitioner's motion for leave to file an amended petition (Doc. 9), two motions for an evidentiary hearing (Docs. 12, 26), a motion for discovery (Doc. 13), and a motion for appointment of counsel (Doc. 14). Petitioner has filed Objections to the Report and Recommendation (Doc. 30). For the following reasons, the Report and Recommendation is ACCEPTED.

**Standard of Review**

1

Rule 8(b) of the Rules Governing Section 2254 Cases in the Untied States District Courts provides that the district court reviews *de novo* those portions of a report of a magistrate judge to which a specific objection is made. The judge may accept, reject, or modify any proposed finding or recommendation.

**Facts**

The pertinent background in this matter is set forth more fully by the Magistrate Judge in the Report and Recommendation. After a jury trial in December 2005, Petitioner was convicted of one count of kidnapping and six counts of rape in the Lucas County Court of Common Pleas. The victim, who was sixteen years old, testified that Petitioner got into her car and abducted her at knife-point. Petitioner drove the victim's car to a nearby wooded area where he raped her six times. Petitioner's DNA was found on the victim's underwear and on swabs taken of the victim's neck and breasts. After trial, Petitioner was sentenced to ten years on the kidnapping conviction and ten years on each of the six rape convictions with all the sentences to run consecutively.

Petitioner, through new counsel, timely filed an appeal to the Sixth District Court of Appeals, which affirmed the judgment of the trial court. Petitioner, through new counsel, then filed a notice of appeal to the Ohio Supreme Court, which denied leave to appeal as not involving any substantial constitutional question. Petitioner, *pro se*, filed an application for reopening pursuant to Ohio Rule of Appellate Procedure 26(b), which was denied.

On March 9, 2009, Petitioner filed his first section 2254 habeas petition. In it, Petitioner challenged his sentence, arguing it violated the due process clause because the trial court retroactively applied a sentencing guideline not in effect on the date Petitioner was

sentenced.  Petitioner also sought relief based upon four ineffective assistance of appellate counsel grounds.  This Court denied the Petition.  The Sixth Circuit affirmed.  On a motion for reconsideration, the Sixth Circuit reversed on the due process claim and found Petitioner was entitled to relief because his sentence did not fall within the "prior conviction exception" in *Blakely v. Washington*, 542 U.S. 296 (2004).  This Court then remanded the case to Lucas County for resentencing.

On February 15, 2012, Petitioner, *pro se*, filed his second section 2254 petition.  On March 13, 2012, this Court transferred the action to the Sixth Circuit Court of Appeals as a second or successive petition.  On October 29, 2012, the Sixth Circuit denied Petitioner's motion to authorize this Court to consider his second or successive habeas petition.

On August 8, 2012, the trial court resentenced Petitioner pursuant to this Court's mandate.  The trial court resentenced Petitioner to 10 years on the kidnapping count and 10 years on each of the six rape counts as well as five years mandatory post-release control.  The counts are to run consecutively.

Petitioner appealed raising five assignments of error.  First, Petitioner argued that the trial court did not undertake a *de novo* resentencing.  Second, Petitioner argued that his counsel was ineffective for not being prepared to argue a merger issue.  Third, the trial court erred by not merging the offences for purposes of sentencing.  Fourth, the trial court violated the *ex post facto* clause during the resentencing.  Fifth, the trial court erred by not recusing itself.  On January 31, 2014, the Ohio appellate court affirmed the trial court's judgment.

Petitioner did not timely appeal to the Ohio Supreme Court.  On April 7, 2014, Petitioner filed a notice of appeal and a motion for delayed appeal with the Ohio Supreme

Court. On May 28, 2014, the Ohio Supreme Court denied Petitioner's motion for delayed appeal and dismissed the case.

On February 20, 2014, Petitioner filed a Rule 26(b) application with the Ohio appellate court, contending that his appellate counsel was ineffective for failing to argue that trial counsel was ineffective for not filing a belated motion for a new trial due to prosecutorial misconduct and the state committed reversible error by violating discovery rules. Petitioner also filed a supplemental brief arguing that trial counsel was ineffective. On May 8, 2014, the Ohio appellate court found Petitioner's first two assignments of error were untimely and barred by res judicata. The appellate court found his ineffective assistance of trial counsel claim had been previously ruled upon and was not relevant to the instant Rule 26(b) application concerning appellate counsel. On June 19, 2014, Petitioner filed an appeal with the Ohio Supreme Court, which was denied on October 8, 2014.

On August 2, 2014, Petitioner filed the instant section 2254 petition, alleging five grounds for relief arising from his resentencing. Ground one alleges that the trial court violated Petitioner's *ex post facto* clause and due process rights. Ground two alleges that Petitioner was denied effective assistance of counsel because his trial counsel was not prepared to argue a merger issue. Ground three alleges that the trial court erred by not recusing itself during the resentencing. Ground four alleges that the trial court erred by not conducting a *de novo* resentencing. Ground five alleges that the trial court erred by not merging the offences.

Petitioner has also filed a motion for leave to file an amended petition (Doc. 9), a motion for an evidentiary hearing (Doc. 12), a motion for discovery (Doc. 13), a motion for

appointment of counsel (Doc. 14), and another motion for an evidentiary hearing (Doc. 26).

**Discussion**

**A. Petitioner's Motion to Amend**

The Magistrate Judge recommended that the Court deny Petitioner's motion to amend his Petition (Doc. 9). Petitioner seeks to add three grounds to his Petition. All of the grounds allege a denial of effective assistance of appellate counsel in the direct appeal of Petitioner's conviction. The Magistrate Judge found that the Court lacked jurisdiction to consider these grounds for relief because they did not relate to Petitioner's resentencing. Petitioner could have raised these grounds in his first habeas petition, but he failed to do so.

Petitioner objects to the Magistrate Judge's findings. Petitioner contends that ground six was never dismissed in the past habeas action and that Respondent did not argue that grounds seven and eight were second or successive.

After review, the Court agrees with the conclusion of the Magistrate Judge. Petitioner seeks to add grounds that relate to the direct appeal of his conviction. However, Petitioner filed a habeas petition alleging claims arising from his conviction and initial sentencing in 2009. As such, this would be a second or successive Petition. Petitioner must first seek permission from the Sixth Circuit before this Court may consider these grounds. This Court is without jurisdiction to consider these grounds for relief and the motion is denied.[1]

---

[1] This Court could construe the pending motion to amend as a petition for certification of authority to file a second or successive petition, and thereafter transfer that construed petition to the Sixth Circuit Court of Appeals for review. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *In re Hanserd*, 123 F.3d 922 (6th Cir. 1997). However, the Court concludes it is more appropriate to deny the pending motion. This will afford Petitioner an opportunity to place better developed arguments in support of certification before the Sixth Circuit should he

**B. August 2, 2014 Habeas Petition**

In the Report and Recommendation, the Magistrate Judge determined that all the grounds in the petition have been procedurally defaulted. Petitioner timely presented each of his current grounds for relief to the state appellate court, which denied his appeal on January 31, 2014. However, the Magistrate Judge noted that Petitioner did not timely file a direct appeal of his resentencing with the Ohio Supreme Court. Rather, he filed a motion for delayed appeal on April 7, 2014 which was denied. The Magistrate Judge found that Petitioner failed to establish cause for his untimely filing with the Ohio Supreme Court.

Petitioner objects that he "essentially complied" with the state rules and thus his claims are not procedurally defaulted because he asked for an extension of time to file an appeal with the Ohio Supreme Court. Petitioner argues that the Ohio Supreme Court did not "clearly and expressly" state its reasons for denying his motion for delayed appeal. As such, the Sixth District Court of Appeals' decision should be taken as the Ohio Supreme Court's basis for denying relief. Furthermore, Petitioner explains he was unable to timely file an appeal with the Ohio Supreme Court because he did not receive a copy of the Sixth District's opinion from his lawyer until February 14, 2014. Petitioner contends that his legal materials were thrown away by prison officials when he was moved to a different prison facility in January and February 2014. Therefore, he lacked any case citations to substantiate his appeal and had to file a motion for delayed appeal. In his Traverse, Petitioner argued he was unable to obtain transcripts and the court rules which delayed his appeal.

choose to do so.

After review, the Court agrees with the Magistrate Judge that the grounds are procedurally defaulted.  Petitioner failed to timely appeal to the Ohio Supreme Court, which denied his motion for delayed appeal.  "[T]he applicable Ohio [Supreme Court] rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits." *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (per curiam).  In this case, as in *Bonilla*, the Ohio Supreme Court was "entirely silent as to its reasons for denying [the] requested relief." *See id.*  In these circumstances, it must be assumed that the state court enforced the applicable procedural bar to review. *Id.* (citing *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996)).[2]

When a petitioner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred unless the petitioner can demonstrate cause for the default and actual prejudice, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Bonilla,* 370 F.3d at 497; *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

The Court finds that Petitioner has failed to adequately demonstrate cause for his default.  The crux of Petitioner's objections is that there was a delay in his receipt of the appellate court's opinion and that he lacked resources to craft his memorandum in support of

---

[2] *Bonilla* has not, as Petitioner contends, been overruled by *Ivory v. Jackson*, 509 F.3d 284 (6th Cir. 2007).

jurisdiction. These reasons fail. Assuming Petitioner received the decision on February 14, 2014, he still had a month to write a memorandum in support of jurisdiction. Similarly, Petitioner's argument about a lack of legal resources in unavailing. A lack of access to resources is generally insufficient cause to excuse a procedural default in a habeas case. *Bonilla,* 370 F.3d at 498.

The Magistrate Judge further recommended that the Court find that Petitioner could not escape the procedural default because of a "fundamental miscarriage of justice." The Magistrate Judge found that Petitioner had not presented evidence that he was "actually innocent." In his Objections, Petitioner raises arguments as to the victim's credibility and attacked the DNA evidence presented at his trial. Essentially, Petitioner argues that the state failed to test some DNA samples collected from the victim's body. Petitioner contends that if they were tested they would undermine the victim's testimony that she was a virgin and that Petitioner raped her. Rather, Petitioner hypothesizes that the untested vaginal samples could show that another person had sex with the victim. The Court agrees with the Magistrate Judge that these credibility determinations are reserved for the trier of fact. Petitioner's arguments do not persuade the Court that this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S 478, 496 (1986). Petitioner does not meet the threshold requirement for actual innocence unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Even if the untested samples were as Petitioner posits, in light of the evidence presented at trial including the victim's testimony, the Court finds that at

least one reasonable, properly instructed juror would find Petitioner guilty beyond a reasonable doubt. Consequently, the Court cannot reach the merit of Petitioner's procedurally defaulted claims related to his resentencing.

### C. Remaining Motions

The Magistrate Judge recommended that the Court deny Petitioner's other outstanding motions (Doc. 12, 13, 14, 26). Petitioner objects that he needs discovery and an evidentiary hearing to support his actual innocence claim. As noted above, Petitioner's arguments are unpersuasive. The Court agrees with the Magistrate Judge that Petitioner's other outstanding motions should be denied.

### Conclusion

Accordingly, the Report and Recommendation is ACCEPTED. The petition for writ of habeas corpus is denied. Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealablity. 28 U.S.C. 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

                                                  /s/Patricia A. Gaughan
                                                  PATRICIA A. GAUGHAN
Date:   6/18/15                            United States District Judge